# Dobbins v. The State.

### Assault With Intent to Murder.

(Decided September 7, 1916.   72 South. 692.)

1. **Assault with Intent; Evidence; Self Defense.**—Where the witness for the state testified that he did not know, and could not tell whether the assaulted party was trying to draw a gun, he should not have been allowed to state to the jury what his judgment on that subject was, as his statement would be purely speculative, and invasive of the province of the jury.

2. **Evidence; Impressions.**—A witness may testify as to his impressions drawn from collective facts, since in so doing he is deposing to facts as contradistinguished from mere opinions, and is giving but a shorthand rendering of a composite fact.

3. **Assault with Intent; Dangerous Character; Specific Acts.**—A defendant should not be permitted to show by specific acts, such as a previous difficulty witih another, that his antagonist was a dangerous and blood-thirsty man.

4. **Same; Intoxication.**—The fact that the person assaulted had been drinking the day before the difficulty, was too remote to show his condition mentally at the time of the assault.

5. **Same.**—Evidence as to whether defendant worked for a certain person, was irrelevant and immaterial, and if relevant, its exclusion was not prejudicial, where defendant afterwards testified to the same fact without objection.

6. **Same; Defenses.**—The fact that a shot fired did not hit the assaulted party, would not relieve defendant from liability to a conviction for assault with intent to murder.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Luther Dobbins was convicted of an assault with intent to murder, and he appeals.   Affirmed.

No counsel marked for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—This appeal is prosecuted from a judgment of conviction for felonious assault; appellant having assaulted one Albert Metcalf with murderous intent.

(1, 2) Exceptions to the testimony of Alma Richards, a state witness, were obviously without merit.   This witness had an-

[Dobbins v. The State.]

swered that he did not know and could not tell whether Metcalf was trying to draw a gun. This being the case, the witness should not have been allowed to state to the jury what his "judgment" on the subject was. True, a witness may testify to his impressions derived from collective facts, but in so doing he is still deposing to facts as contradistinguished from mere opinions, and this is but a shorthand rendering of the surrounding circumstances, or the giving of a composite fact.—See *Reeves v. State*, 96 Ala. 33, 11 South. 296; *Perry v. State*, 87 Ala. 30, 6 South. 425; *S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266. But where the witness testified that he was unable to say what one of the participants in the difficulty was trying to do at a particular time or in a particular matter, the statement of the judgment of witness as to such circumstances would be entirely speculative and invasive of the province of the jury. The court was not in error in its ruling, as counsel insists.

(3) Defendant cannot prove that his antagonist was a dangerous or turbulent man by specific acts of his antagonist; consequently the court properly sustained the state's objection to the question propounded to witness H. I. Goff as to whether Metcalf had not previously had a difficulty with one Albrisson at Hartford.—*Montgomery's Case*, 2 Ala. App. 33, 56 South. 92; *Franklin's Case*, 29 Ala. 14.

(4) Exceptions were reserved to the refusal of the court in disallowing questions propounded to witnesses Ika Chancey and Dr. Fleming as to whether Metcalf had been drinking prior to the difficulty. The fact, if it be a fact, that the antagonist of accused had been drinking the day before the difficulty would not be relevant, unless the object was to show the condition of the mind of the antagonist of accused at the time of the difficulty, and then only when the evidence tended to prove self-defense; and, unless so limited, the evidence was inadmissible. The evidence rejected in the instant case, however, showed the drinking to have been too remote to affect the state of said antagonist's mental condition at the time in question.—*Harrell's Case*, 166 Ala. 14, 52 South. 345; *Gregory's Case*, 140 Ala. 16, 27, 37 South. 259; *Dunn's Case*, 143 Ala. 67, 73, 39 South. 147; *Askew's Case*, 94 Ala. 4, 10 South. 657, 33 Am. St. Rep. 83.

(5, 6) We do not see the relevancy or materiality of the question excluded in the testimony of Carl Fleming as to whether accused worked for Dr. Davis. Assuming, however, its rele-

[Savage v. The State.]

vancy, the accused afterwards deposed to the same fact without objection, and the exclusion was not prejudicial.—*Francis v. State*, 188 Ala. 39, 45, 65 South. 969; *Phillips v. State*, 11 Ala. App. 15, 22, 65 South. 444.

(7) There was but a single request to charge refused to appellant. Its error was obvious, and comment would seem unnecessary. The charge was as follows: "If the third shot fired did not hit Metcalf, then as to that shot the defendant could not be convicted of an assault to murder, but only as to the assault with the weapon."

An assault with murderous intent, having the adaptation of apparent means to that end, is the evil aimed at by the statute, and one may transgress the statute by merely aiming a loaded gun at another, having a murderous intent.—*Mullen's Case*, 45 Ala. 43, 6 Am. Rep. 691; *Crawford's Case*, 86 Ala. 16, 5 South. 651; *Smith's Case*, 88 Ala. 23, 7 South. 103; *Christian's Case*, 133 Ala. 109, 32 South. 64.

There is no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.