(107 So. 722)

## RHODES v. STATE. (8 Div. 293.)

(Court of Appeals of Alabama. March 16, 1926.)

1. Homicide ☞268.
    Defendant's guilt of assault with intent to murder *held* for jury on conflicting evidence.

2. Homicide ☞151(3)—In prosecution for assault to murder, burden is not on state to prove that accused was not free from fault in bringing on difficulty.

    In prosecution for assault with intent to murder, burden is not on state to prove that accused was not free from fault in bringing on difficulty.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Will Rhodes was convicted of assault with intent to murder, and he appeals. Affirmed.

Charge 2, refused to defendant, is as follows:

---

"I charge you that the burden is on the state to prove that the defendant was free from fault in bringing on the difficulty."

Bradshaw & Barnett, of Florence, for appellant.

Brief of counsel did not reach the reporter.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

Charge 2 is an incorrect statement of law. Jones v. State, 104 So. 771, 20 Ala. App. 660; Cooke v. State, 93 So. 86, 18 Ala. App. 416.

RICE, J. Appellant was convicted of the offense of assault with intent to murder.

[1] The evidence on behalf of the state tended to make out the crime charged. That on behalf of defendant tended to show his innocence. There was no error in refusing to give the general affirmative charge in appellant's favor.

[2] Written refused charge 2, requested by defendant, stated an incorrect proposition of law. Charge 3, likewise refused, was elliptical.

The few exceptions reserved on the taking of testimony have each been examined, and in each instance we find them without merit. Reeves v. State, 11 So. 296, 96 Ala. 33; Dobbins v. State, 72 So. 692, 15 Ala. App. 166.

There being nowhere apparent any prejudicial error, the judgment is affirmed.

Affirmed.