(122 So. 633)

**BUFFALOW v. STATE.**   (4 Div. 412.)

Supreme Court of Alabama.   May 23, 1929.

408

W. O. Mulkey and E. C. Boswell, both of Geneva, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

BROWN, J. The evidence shows without dispute that the appellant killed Harvey Blaylock by shooting him with a pistol on December 24, 1927. Appellant sought to justify his act under the doctrine of self-defense, and offered evidence tending to show that Blaylock was the aggressor, and on the day of the fatal rencontre, and previous thereto, had threatened to whip and kill the defendant.

The evidence further tended to show that because of a previous difficulty between

the parties occurring in the fall of 1926, bad blood existed between the appellant and the deceased, and, in addition to the fact of such previous difficulty and the subsequent threats made by the deceased, appellant offered to show by the witness Cliff Dean that witness was present at the time and place of the previous difficulty; that the deceased was armed with a gun and made a hostile demonstration by pointing the gun at the defendant. The court on the objection of the solicitor rejected this testimony, apparently on the theory that this was going into the particulars of the previous difficulty. In this ruling we are of opinion that the Court fell into error.

In Gray v. State, 63 Ala. 66, to quote from the statement of facts: "The state introduced Spencer Brooks as a witness, who testified, that Matt Gray, the defendant, had been concerned in an assault on him with a knife, whereby he was severely cut in the neck, a short time before the assault charged in the indictment."

Chief Justice Stone, speaking for the court in answer to the contention that this was going into the particulars, observed: "The prisoner was indicted for an assault with intent to murder Spencer Brooks, which, under our statute, is made a felony. In a trial under such indictment, the intent with which the alleged act was done becomes a material inquiry. As in case of the kindred though higher crime of murder, formed design, coupled with the attempted use of means capable of producing the result aimed at, makes the offense complete, although in this lesser offense no actual battery or injury is inflicted. Hence, any testimony tending to prove malice aforethought, ill will previously formed, ancient grudge, or any other probable motive for the act, is admissible, as shedding light on the question of intent, or incentive of the crime. And, under this head, it is permissible to prove previous threats, previous altercations, or prior combats, although such proof may establish the commission of another and substantive offense, for which a separate indictment would lie. Such proof is received, not as constituting any part of the crime for which the prisoner is being tried; *its object and scope are to show the relations of the parties*, and to aid the jury in determining whether there was the formed design, or felonious intent to commit the crime of murder. Cherished hate, or ill will, is one of the incentives to murder. But, it is the fact of such previous altercation or combat, and not the particulars or merits of the quarrel, that can be put in evidence. * * * Under this unquestioned principle, all the evidence objected to was clearly admissible. And it is not shown that any of the details or particulars of the former rencontre, or altercation, were put in evidence. Hence, no field is shown for the operation of the rule, that the fact only, and not the particulars, of a

former quarrel, can be given in evidence." (Italics supplied.)

In a later case, McAnally v. State, 74 Ala. 17, a trial under an indictment for murder, the same learned jurist, speaking for the court, observed: "The proof in reference to a previous difficulty was only admissible as tending to show malice, or a motive for doing the deed." And this as we take it, was whether the motive was to avoid serious bodily harm or death, or to kill with malice aforethought. "In such case, it is the fact of such difficulty, *and its gravity, or the contrary*, which may be proven. Its merits, or the particulars, cannot be given in evidence. If they were, the tendency would be to divert the minds of the jurors from the issue they are impaneled to try, to the merits of the former quarrel."

In these cases we have a clear statement of the rule, its limitations and the reason for the limitations, when the evidence is offered by the state. The same rule has been applied to evidence offered by the defendant.

In Watts v. State, 177 Ala. 24, 30, 59 So. 270, 272, it was held that it was error for the court to exclude evidence offered by the defendant going to show "the fact that on the day of the killing deceased attacked the defendant with scissors, accompanying the attack with a threat. * * * This was not going into the details or merits of the altercation, but only showing its general nature."

In Nelson v. State, 13 Ala. App. 28, 68 So. 573, where substantially the same question was presented as here, that court, speaking by Pelham, P. J., observed: "The facts that on the day before the killing the deceased in a difficulty with the defendant drew a 'gun' on him, that on that day the deceased shot at the defendant and that in October, prior to the killing in December, deceased drew a 'gun' on the defendant, and at the same time, in the presence of several other persons, threatened to kill him, were matters the defendant was entitled to have admitted in evidence. These were not matters of a nature that could properly be excluded under the rule against admitting details or going into the merits of former difficulties, but were only such facts as showed the general nature and gravity of the former difficulties or altercations, and were admissible for the purpose of showing who was at fault in bringing on the fatal rencounter, and, too, for the purpose of aiding the jury in arriving at a proper conclusion as to whether the defendant acted on the reasonable appearance of things in the light of the former threats and prior altercations. In this connection and for such a purpose it is always competent for the defendant, in testifying to previous difficulties, to state the general nature of it so as to show whether it was grave or trivial in character." See, also, Thornton v. State, 18 Ala. App. 225, 90 So. 66; Wright v. State, 19 Ala. App.

562, 99 So. 52; Glover v. State, 21 Ala. App. 31, 104 So. 878.

■ Charge 3, requested by the defendant and refused by the court, as has been repeatedly held, states correct principles of law. Bluett v. State, 151 Ala. 41, 44 So. 84; Bluitt v. State, 161 Ala. 14, 49 So. 854; Watts v. State, 177 Ala. 24, 59 So. 270; Davis v. State, 214 Ala. 273, 107 So. 737. This charge was not fully covered by the oral charge or the charges given, which in no way deal with the burden of proof resting on the state to show that defendant was at fault in provoking or bringing on the difficulty.

■■ Charge 12 was invasive of the province of the jury and was refused without error. The rule is: "If one assaulted, suddenly and under the maddening influence of the blow, slays his assailant, and there is nothing else in the transaction, this is manslaughter, and not murder." Scales v. State, 96 Ala. 69, 11 So. 121.

The other charges refused to defendant were either argumentative, abstract, or unsound in principle, and were well refused.

■ The oral charge of the court, in dealing with the duty of the defendant to retreat, predicated that duty on a finding by the jury that "it was apparent to him that he could abandon the difficulty and thereby prevent the necessity on his part of taking the life of the party with whom he is engaged in a difficulty." If this was defendant's situation, he had a reasonable avenue of escape. Clemmons v. State, 217 Ala. 519, 116 So. 913.

For the errors indicated, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.