(132 So. 47)

## NARRELL v. STATE.
### 8 Div. 250.

Supreme Court of Alabama.
Dec. 4, 1930.

Street, Bradford & Street, of Guntersville, for petitioner.

Charlie C. McCall, Atty. Gen., for the State.

FOSTER, J.

The opinion of the Court of Appeals shows that defendant was charged with first degree murder, and convicted of manslaughter in the first degree, and that his defense was self-defense, and that the evidence was sufficient to make that a question for the jury. Defendant then offered in a showing by absent witnesses to prove that in an occurrence in May, before the killing in October, deceased said in the presence and hearing of defendant, and referring to him, "There is the * * * gold tooth son-of-a-bitch," and invited defendant to go out of town to settle their differences (Assignments 38 and 58). The court sustained the state's objection to each portion of this evidence. We agree that the Court of Appeals correctly stated the general rule of law in discussing this state of the record.

The question of what is a detail which should be excluded, and what is admissible, is one which has given occasion for much discussion. The opinion in our recent case of Buffalow v. State, 219 Ala. 407, 122 So. 633, discussed the subject right fully. It was there held that not only threats may be shown, but that deceased was armed with a gun and made hostile demonstrations by pointing a gun at defendant.

■ It has long been held that after defendant has shown an overt act by deceased sufficient as a predicate for proof of other details of self-defense, where the question of who was the aggressor was in dispute, or to give color and character to such aggressive conduct by deceased, evidence of previous threats made by deceased concerning defendant is admissible. Roberts v. State, 68 Ala. 156; Turner v. State, 160 Ala. 40, 49 So. 828; Beasley v. State, 181 Ala. 28, 61 So 259.

■ In offering proof of such threats, defendant is not permitted to show merely that threats were made, but must prove the words used constituting the threats, if he undertakes to show the circumstance at all.

In the Beasley Case, supra, and Gray v. State, 63 Ala. 66, evidence showing ill will is classified with the showing of threats. We think that it is permissible to show ill will by deceased for defendant to the extent that it would shed light on the inquiry of who was the aggressor and to give color and character to an overt act of assault on defendant, when threats would be relevant for such purpose. But, as with threats, so with ill will, the words used, and not a conclusion to that effect, constitute the legal evidence to prove the circumstance.

We think that it does not infringe the rule against showing the details of a previous difficulty to prove the words of an appro brious epithet which evince ill will any more than to show the words constituting a threat, and that such evidence is admissible under the same conditions and for the same purpose.

In that occurrence the further suggestion by deceased to defendant, that defendant go out of town with deceased and settle it, gives expression in emphatic form to the feeling of deceased of a nature not entirely unlike that of making a hostile demonstration by pointing a gun at him, as in the Buffalow Case, supra.

■ Our conclusion is that there was reversible error in not allowing defendant to prove by the showing of the absent witnesses the approbrious epithet directed by deceased to him, and, to give emphasis to his animus, the further suggestion that they go out of town and settle it.

It is therefore ordered that the certiorari be awarded, and the judgment of the Court of Appeals reversed and the cause remanded.

Writ awarded; reversed and remanded.

All the Justices concur.