143 So. 907

### BUFFALOW v. STATE.

### 4 Div. 875.

Court of Appeals of Alabama.

May 17, 1932.

Rehearing Denied June 30, 1932.

E. C. Boswell and W. O. Mulkey, both of Geneva, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

This defendant was first convicted of murder in the second degree, and on appeal this judgment was reversed. See Buffalow v. State, 219 Ala. 407, 122 So. 633, for a statement of the facts.

On this appeal it is first insisted that under the facts the defendant is only guilty of manslaughter, and that, therefore, the verdict is contrary to the evidence and charge of the court. In addition to the facts appearing on former trial, the evidence for the state tended to prove that defendant provoked the difficulty by cursing deceased, and, when deceased resented the insult by striking defendant with his fist, defendant shot him to death with a pistol. There was much evidence of prior bad feeling between the two, but, taken as a whole, the question of malice was for the jury. With the evidence before us we cannot say that the trial court erred in refusing the motion for a new trial.

■ There are some objections and exceptions to testimony which can perhaps be better disposed of by alluding and referring to brief of counsel for appellant. It was shown by the witness Dean that on a prior occasion in September, 1926, deceased had a gun and had some trouble with defendant. The witness Dean testified: "I saw him with a gun after Buffalow and (I) took the gun away from him and unloaded it. * * * I didn't see him any more just then. He did not attempt to shoot Lee Buffalow with the gun; didn't point it at him, if he said anything I don't remember. * * * I don't think Blalock ever stopped. He walked on out to my barn and I went and took the gun away from him, Lee went in the house." The defendant asked: Was the gun loaded? The witness had already said it was. The defendant asked: Was Blalock mad? And, did he appear to be mad? This was three months before the fatal difficulty, and defendant was not present, and no demonstration was being made by Blalock towards defendant. The defendant asked: . What was he doing and if he was crying? In the absence of some demonstration by Blalock towards defendant at the time, and with defendant not present, all of the questions called for evidence that was remote and irrelevant.

■ On cross-examination the witness Dean was asked: "Did you see Lee Buffalow do anything to Harvey Blalock." Defendant's objection to this question was sustained. So also was the motion of defendant to exclude an answer of this witness that defendant struck at Blalock with a butcher knife. This ruling being favorable to defendant, he cannot complain.

■ The threat of defendant towards deceased, "I will kill you, God damn you," was relevant and admissible.

We find no error in the record, and the judgment is affirmed.

Affirmed.