187 So.2d 287

Benny Lee ABERNATHY

v.

STATE.

7 Div. 814.

Court of Appeals of Alabama.

May 31, 1966.

Knox, Jones, Woolf & Merrill, Anniston, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted September 30, 1965.

We quote from the appellant's brief:

"The defendant was indicted for murder in the first degree. * * * A jury found [him] guilty [of voluntary manslaughter] and fixed his [punishment] at` one year and one day [in the penitentiary]. * * * From [the ensuing] judgment he is appealing * * *

"FACTS

" * * * The defendant and the decedent, Rogers Ross, were together on the evening of the fatal shooting, off and on from about 7:00 o'clock * * * until about 10:30 or 11:00 * * * There had been trouble between them previously, but * * * there was no bad blood [at first] and they went out together on a social venture.

" * * * decedent began to cause trouble rather early in the evening, and was admitted by all of the evidence to be the aggressor up to the time of the fatal shooting. * * * threats [were] made by decedent directed at the defendant. During the evening the decedent obtained two weapons. The defendant also got a gun.

"They came together late in the evening at a residence of a third party. Defendant was in the yard. Decedent was coming out of the house. Each fired a single shot at the same time. Each was wounded in the hand, badly. Defendant's hand was later amputated as a result. Decedent went into the house and received first aid to his hand. Defendant remained outside. * * * The decedent [again] came out of the house. Defendant called [on him] to halt. Decedent turned and the defendant at that point inflicted the fatal wound.

"Three issues are made the basis of this appeal seeking a reversal:

"1. Was the occupation of the defendant an admissible issue?

"2. Was the Court in error in sustaining the objection to the testimony sought to be elicited from the witness, Mike Edmondson?

"3. Was the Court in error in refusing requested charge 16 relating to the duty to retreat, or to retire from combat under circumstances where the deceased made a sudden, unprovoked, murderous attack upon the defendant?

We take up these points in 1, 3, 2 order.

## I.

### Defendant's Occupation

 Several questions during the examination of witnesses sought to bring out that the defendant was a carpenter. The State had made no issue of the defendant's employment by any addition[1] to his name in the indictment. The trial judge ruled out these questions as being immaterial.

We think the trial court was correct in these rulings. See Wilbanks v. State, 42 Ala.App. 39, 151 So.2d 741, and Dobbins v. State, 15 Ala.App. 166, 72 So. 692.

At an early date, the Supreme Court of Alabama, in Morgan v. State, 19 Ala. 556, hn. 3, stated in effect that by reason of our constitutional prohibition of banish-

ment as a punishment, the English Statute of Additions of 1413, 1 Hen. IV, Ch. 5, was not a received part of our common law, since it was not adapted to nor compatible with our institutions. See also Lanckton v. United States, 18 App.D.C. 348, and Joyce on Indictments, 2d Ed., § 264.

Although it is customary in many circuits to set forth in the minute entry the age, sex, trade and health of the defendant noted by the court on his being sentenced, we consider that this is a mere relic of the days when the State sold the labor of its convicts to various private contractors.

We do not say that the occupation of the defendant cannot become an issue in some cases. Thus, there are statutes for punishing persons who are set apart from the general population by reason of their work, e. g., bankers overdrawing. Code 1940, T. 14, § 321, makes the master or owner of a steamboat who employs an unlicensed engineer as imputedly guilty of voluntary manslaughter in case of loss of life from a boiler explosion. See also Tempe (a Freedwoman) v. State, 40 Ala. 350, as illustrating a need to show station.

## II.

Charge No. 16, refused, reads as follows:

"16. I charge you, gentlemen of the jury, that if the deceased made a sudden, unprovoked, murderous attack upon defendant, the deceased at the time being armed with a deadly weapon, and, in

---

[1] "ADDITION (Lat. *additio*, an adding to). Whatever is added to a man's name by way of title or description, as additions of mystery, place, or degree. Cowell; Termes de la Ley; 10 Wentw.Pl. 371; Salk. 5; 2 Ld.Raym. 988; 1 Wils. 244.

"Additions are:

"(1) Additions of estate, as 'esquire,' 'gentlemen,' and the like. These titles can, however, be claimed by none, and may be assumed by any one. In Nash v. Battersby, 2 Ld.Raym. 986, 6 Mod. 80, the plaintiff declared with the addition of gentleman. The defendant pleaded in abatement that the plaintiff was no gen-

tleman. The plaintiff demurred, and it was held ill; for, said the court, it amounts to a confession that the plaintiff is no gentleman, and then not the person named in the count. He should have replied that he is a gentleman.

"(2) Additions of mystery, as scrivener, painter, printer, manufacturer, etc.

"(3) Additions of places, descriptions by the place of residence, as 'A. B., of Philadelphia,' and the like. See Bac.Abr. Doct.Plac. 71; 2 Viner, Abr. 77; 1 Lilly, Reg. 39; [Com. v. Lewis] 1 Metc. (Mass.) 151."—Cyc.L.Dic. (3d Ed.) 30.

the act of effectuating upon the defendant his murderous purpose, and after considering all the evidence in the case you find this to be true, then I charge you that the defendant was under no duty to retreat, but had the right to stand his ground and to kill his assailant."

In Conley v. State, 38 Ala.App. 618, 92 So.2d 7, Price, J., alluded to Charge A therein of concern, but held that the refusal of the charge would not in all cases be error, saying:

"These and similar charges have been held to assert correct propositions of law in the character of cases cited by appellant, however, in different factual situations their refusal has been held proper. Scruggs v. State, 224 Ala. 328, 140 So. 405."

McElroy, Law of Evid. (2d Ed.), § 457.02 (10), says of this charge:

"Apparently the State did not press for the application of this rule in Johnson v. State, 257 Ala. 644, 60 So.2d 818, which held that the trial court erred in refusing the accused's charge 'A', reading, 'If the deceased made a sudden, unprovoked, murderous attack upon defendant, the deceased at the time being armed with a deadly weapon, and, in the act of effectuating upon the defendant his murderous purpose, and after considering all the evidence in the case you find this to be true, then I charge you that the defendant was under no duty to retreat but had the right to stand his ground and to kill his assailant.'

"It is clear that the statement in the above quoted charge 'A', that 'If * * * after considering all the evidence in the case, you find this to be true,' is not in conformity with the rule of the decisions cited in the first two paragraphs above, of this (10)—for the reason that said charge 'A' required a finding of the hypothesized facts, and this requirement placed on the accused the burden

of creating a belief in the jury, of some degree of strength or intensity, of the existence of the hypothesized facts."

■ Abernathy was on the outside of the house with probable room and opportunity to retreat, in a relatively dark place, whereas the decedent was coming out of a lighted doorway on both occasions of Abernathy's shooting him. Whether or not the deceased made a "sudden unprovoked murderous attack upon the defendant" was a disputed question supported only by remote inference.

We consider that, upon a consideration of all of the record, and Judge McElroy's observation of the would-be shifting of the burden, the refusal of this charge was not error.

III.

As to the testimony sought to be elicited from Mike Edmondson, we quote in part from the Attorney General's brief:

" * * * Mike Edmondson * * * was called to the stand by the appellant and a question was propounded concerning what occurred two or three months before the fatal shooting between the appellant and the deceased while they were having a dice game at the Ross residence.

" * * * the trial court asked the jury to retire and allowed the appellant to show * * *

"We respectfully submit that this matter should be controlled by * * * [Plemmons [v. State], 42 Ala.App. 638, 176 So.2d 45, cert. den. 278 Ala. 711, 176 So.2d 48]."

Judge McElroy, in The Law of Evidence in Alabama (2d Ed.), § 457.02, Self Defense (not at home, curtilage or business), says in part:

"(2) *The here-assumed typical case*

"In this sec 457.02, it is assumed that the undisputed evidence clearly shows

that the accused was not in his home or other place in which he is relieved of any duty to retreat, at the time he did the claimed homicidal act.

"It is further assumed in this sec 457.02 that the accused does not claim, and that there is no evidence warranting a finding that, he retreated or attempted to retreat, or that he retired from, or attempted to retire from, the claimed difficulty.

\* \* \* \* \* \*

"(6) *When claim of self-defense must be submitted to the jury*

"The accused (in the here-assumed typical case, q. v. (2) above), is entitled to have his claim of self-defense submitted to the jury if

"(a) there is the slightest evidence warranting findings

"(i) that he was in actual or apparent imminent peril; and (ii) that he was unable to retreat; and

"(b) the undisputed evidence does not show clearly that he was at fault."

Within this frame of reference, the trial judge submitted this cause to the jury with a number of directions, both in his general charge and requested written charges, as to how self defense can give rise to a reasonable doubt.

We consider that here there was error to reversal in the ruling as to Edmondson's proferred testimony of a prior hostile demonstration by deceased against the accused.

■ Evidence of prior difficulties or the deceased's threatening the defendant, under *Plemmons,* becomes relevant only *after* there is first some evidence tending to show self defense. Chappelle v. State, 267 Ala. 37, 99 So.2d 431(10).

■ Here, on cross-examination, the State's witness, Hershel Wiggins, testified that following the first exchange of shots the deceased went again to the door with a gun in his hand. This opened the question as to Abernathy's defending himself or not.

The occasion of the court's ruling was substantially stated:

"The Court is sustaining the Solicitor's objection on the ground that the only thing expected to be proved is the fact that a gun was pointed by Rogers Ross at Benny Lee Abernathy, in this case.

"MR. DOSTER: Within a few months of the transaction.

"THE COURT: Just the pointing of the gun, I am ruling that you can't get that in in my opinion.

"MR. DOSTER: I except."

In Narrell v. State, 222 Ala. 145, 132 So. 47, there is an unfortunately elliptical headnote (2) reading:

"Defendant, in proving deceased's threats, must prove words used."

The text keyed to this headnote (2) states:

"In offering proof of such threats, defendant is not permitted to show merely that threats were made, but must prove the words used constituting the threats, if he undertakes to show the circumstance at all."

From the above colloquy, we infer that the trial judge took *Narrell,* supra, to mean that tacit threats or menaces are not admissible; that without words there are no threats. See Wigmore, Evidence (3d Ed.), § 396.

Counsel for Abernathy relies on McGuff v. State, 248 Ala. 259, 27 So.2d 241. There Foster, J. (whose compressed statement caused the difficulty with *Narrell* above quoted), wrote for the majority:

"Previous threats, whether or not communicated are under those circumstances, when self-defense is on the evidence sufficiently shown to justify its sub-

mission to the jury [, admissible] for the purpose of showing quo animo of such demonstration or attack, * * * or to shed light upon who was the aggressor, * * * or to give color and character to such aggressive conduct; and this rule applies to evidence of illwill, and previous difficulties in general terms, * * * and to evidence of the bad character of deceased for peace and quiet. * * *" (Bracketed matter added.)

██ We consider that deeds may show threats without any accompanying words. In Woods v. State, 20 Ala.App. 200, 101 So. 314, Samford, J., said:

"In the case at bar the defendant, after proving that there was a former difficulty between the parties, sought to prove that at the time and place deceased 'throwed his gun on him and said he was going to kill him.' The act of 'throwing the gun on him' (which is in common parlance presenting or pointing a gun at him) is not the detail of a difficulty, but is as much a part of the threat as the spoken words. In fact, *there may be a threat, without a word being spoken.*" (Italics added.)

Narrowing our search down further to the facts of present concern, we quote from:

Warren on Homicide (Perm.Ed.), § 234, which states in part:

"Previous specific acts of violence by the deceased or by the assaulted toward the defendant are admissible in evidence on the issue of self-defense." The text, in footnote 74 (Vol. 2, p. 839), cites from this State: Craven [v. State], 22 Ala.App. 39, 111 So. 767; Woods [v. State], 20 Ala.App. 200, 101 So. 314; with a reference to Buffalow [v. State], 219 Ala. 407, 122 So. 633, and Gunter [v. State], 111 Ala. 23, 20 So. 632.

Rutledge v. State, 88 Ala. 85, 7 So. 335:

"McCLELLAN, J. We understand the rule in respect to the admission of evidence, on the part of a defendant on trial for murder, of previous threats by, or difficulties with, * * * the deceased to be this: that when any phase of the testimony would, if believed, present a case of self-defense, then the accused, using this aspect of the facts adduced as a predicate therefor, may go further, and strengthen it by showing * * * that there had been difficulties between them; * * *"

Wright v. State, 252 Ala. 46, 39 So.2d 395:

"* * * where the evidence presents an issue of self-defense, the defendant as well as the State may prove the fact of a prior difficulty between defendant and the deceased or injured party, although the previous difficulty is not so closely connected with the crime as to be a part of that transaction, nor so contemporaneous therewith as to make it a part of the res gestae; * * *"

Buffalow v. State, 219 Ala. 407, 122 So. 633, alluded to a prior "hostile demonstration by pointing [the] gun at the defendant."

In Hoomes v. State, 34 Ala.App. 121, 37 So.2d 686, a witness was asked:

"* * * 'Did he (the deceased man, we interpolate) get out his knife at that time and start on Mr. Hoomes?' The court sustained the solicitor's objection to this query."

Carr, J., concluded on this point:

"* * * it was error to disallow the evidence of instant concern."

Pope v. State, 39 Ala.App. 42, 96 So.2d 441.

In Metcalf v. State, 40 Ala.App. 25, 108 So.2d 435, we said, by way of explanatory dictum:

"* * * Specific acts of violence of a deceased in a homicide case are not admissible except as they may have been directed against the defendant, Holloway v. State, 38 Ala.App. 434, 89 So.2d 313. * * *" See also Parker v. State, 266 Ala. 63, 94 So.2d 209(5).

We consider the exclusion of the purported testimony of Mike Edmondson was erroneous and probably injurious to a substantial right of the defendant.

The judgment below is due to be reversed and the cause remanded for new trial.

Reversed and remanded.