453 So.2d 762 (1984)
Carl Arthur PERRY, Jr.
v.
STATE.
1 Div. 632.
Court of Criminal Appeals of Alabama.
May 22, 1984.
Rehearing Denied June 26, 1984.
*763 James H. Lackey, Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Joseph G.L. Marston III, Asst. Atty. Gen., for appellee.
HARRIS, Judge.
On December 17, 1982, the Mobile County Grand Jury indicted appellant, Carl Arthur Perry, Jr., for the murder of Paul Laporte. On May 18, 1983, he was found guilty of the murder and was sentenced to life imprisonment without parole under the habitual felony offender statute.
Testimony at trial revealed that Laporte died from a stab wound to the chest, and that his hands were cut in an apparent attempt to fend off the attack. The fatal stabbing took place at about 1:00 a.m. on July 10, 1982, at a bar called Casey's Clubhouse in Mobile County. Both Laporte and Perry were intoxicated at the time.
Appellant was seen at Casey's at 11:00 a.m. when the bar opened, at 2:00 p.m. and from 10:00 p.m. till 11:00 p.m. At about 10:00 p.m. the bartender refused to serve him any more liquor and appellant left at about 11:00 p.m. He returned around 1:00 a.m.
On returning to Casey's, appellant went directly to Laporte at the bar and put his arm around his shoulders. Laporte responded by placing his arm around appellant's shoulders. Witnesses interpreted this as a display of camaraderie.
James David Henderson saw appellant standing at the bar talking with Laporte. He observed appellant bend over at the waist, straighten up and then start to wrestle with Laporte, the two men falling to the floor.
Lamule Miller, one of the owners of the bar, with the aid of some patrons, immediately pulled the two men apart. The episode began and ended so quickly that by the time Henderson made his way to the area the two men were gone. He discovered a bloodied knife at the top of the stairway and turned it over to Miller, who later gave it to the police.
Miller's wife screamed, "Carl, no," when she saw the affray begin. Miller responded quickly and was the first person to reach the men and attempt to separate them. When he got to them Laporte had already been stabbed. He heard Laporte say, "I'm going to kill you."
As the men pulled appellant away, Jeanette Burgess, the bartender, saw a scabbard concealed between appellant's trousers and his back.
Appellant fled both the scene and the jurisdiction in his truck. He was chased back into Alabama by the Jackson County, Mississippi, Sheriff's Office. He was finally captured after a high speed chase during which he wrecked his truck.
Henderson reported that earlier in the evening Laporte remarked to him that he was going to jump all of them down there, referring to approximately six men playing pool. Henderson did not think the remark was a serious one.
Morgan Thomas, Jr., testified that he was in the bar that night around 11:00 p.m., and that Laporte sat down at his table and said of appellant, "I know he's got a knife, because I'm going to pull it and cut his ______ head off with it."
There were no other reports of antagonistic remarks, and no report of any quarrel or altercation between Laporte and appellant, *764 or between any other persons, prior to the fatal brawl.
Appellant first contends, on appeal, that the trial court erred in allowing the state to use leading questions, and questions calling for speculation on the part of witnesses.
The testimony in question was given on redirect examination by the state, and was regarding the statement made by the deceased, "I'm going to kill you." The statement was overheard by Mr. Miller, and Miller testified that Laporte had already been stabbed when he made the threat to appellant. The testimony in question was as follows:
"BY MR. STEELE:
"Q. He was already pulled apart when he said that, made that statement; is that what you are saying?
"A. No, sir. He was on top of him. And as I was reaching for him to pull him apart is when Mr. Laporte said that.
Q. Is it safe to say he had already been stabbed at that time?
"MR. BROWN: Judge, I object. He has no knowledge of that.
"THE COURT: If he knows.
"MR. STEELE: Judge, if he had blood on his hand, he knows.
"THE COURT: Overruled.
"MR. STEELE:
"Q. Did you have blood on your hand at that time?
"A. No, sir.
"Q. Did you see the stabbing?
"A. No, sir.
"Q. Okay. But when you broke them apart, Mr. Laporte had been stabbed, is that right?
"A. Yes, sir.
"Q. Then would it be safe to say that he was stabbed before making that statement?
"MR. BROWN: Judge, I object to him leading the witness.
"THE COURT: Overruled. If he knows.
"BY MR. STEELE:
"Q. Had he been stabbed prior to him making that statement?
"A. Yes, sir."
An examination of the testimony set out above reveals that after appellant's counsel first objected to the State's question as calling for speculation, and the objection was overruled, that the State nevertheless rephrased the question so that it concerned a matter within the knowledge of the witness.
Similarly, when appellant's counsel next objected to a question as leading, the objection was overruled, but the State rephrased the question so that it no longer suggested an answer.
We find no error here, but if there is error it did not injuriously affect the substantial rights of appellant, and thus would not constitute reversible error under A.R. A.P. 45.
Appellant next contends that the evidence was not sufficient to support a finding of murder, and that the killing could only have amounted to manslaughter.
Applicable sections from Code of Alabama 1975 are as follows:
"Section 13A-6-2. Murder.
"(a) A person commits the crime of murder if:
"(1) With intent to cause the death of another person, he causes the death of that person or of another person; ...
"(b) A person does not commit murder under subdivisions (a)(1) or (a)(2) of this section if he was moved to act by a sudden heat of passion caused by provocation recognized by law, and before there had been a reasonable time for the passion to cool and for reason to reassert itself. The burden of injecting the issue of killing under legal provocation is on the defendant, but this does not shift the burden of proof. This subsection does not apply to a prosecution for, or preclude a conviction of, manslaughter or other crime.
"Section 13A-6-3. Manslaughter.
"(a) A person commits the crime of manslaughter if: ...

*765 "(2) He causes the death of another person under circumstances that would constitute murder under section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself."
In Buffalow v. State, 219 Ala. 407, 122 So. 633, 635 (1929), where the deceased had been shot and defendant claimed self-defense, the court held that, "If one assaulted, suddenly and under the maddening influence of the blow, slays his assailant, and there is nothing else in the transaction, this is manslaughter, and not murder." (citation omitted) The court in Easley v. State, 246 Ala. 359, 20 So.2d 519, 521 (1944), however, held that, "Mere words, no matter how insulting, never reduce a homicide to manslaughter."
In the case before us there is evidence to support a conviction of murder, but no evidence of legal provocation which would reduce the crime to manslaughter. There was evidence that the victim made drunken threats when talking to two different men, but no evidence that he threatened appellant. Even assuming that he did so, this would not have amounted to legal provocation under Easley supra. There was no evidence whatever that the victim hit, or otherwise physically provoked appellant. Appellant's claim that the charge of murder should have been reduced to manslaughter is, therefore, untenable.
Appellant contends lastly that the trial court erred in its failure to charge the jury on killing in the sudden heat of passion caused by provocation recognized by law.
Appellant, however, did not state such an objection at trial, and the correctness of the trial court's oral charge cannot be challenged for the first time on appeal. Jackson v. State, 375 So.2d 558 (Ala.Cr. App.1979); Hafley v. State, 342 So.2d 408, cert. denied, 342 So.2d 412 (Ala.1977); Cox v. State, 193 So.2d 749 (Ala.1967). In addition, even if the issue had been properly preserved for review, an accused is not entitled to have the jury charged on a lesser-included offense unless there is a reasonable theory from the evidence to support the lesser offense. Oglen v. State, 440 So.2d 1172 (Ala.1983); Myers v. State, 401 So.2d 288 (Ala.Cr.App.1981).
We have carefully searched the record for errors prejudicial to the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.