The appellant, Tony Lee Hill, was charged with capital murder in connection with the November 1, 1994, shooting death of Willie James Grant. At trial, Hill was convicted of the lesser included offense of manslaughter. Hill was subsequently sentenced to life in the penitentiary under the Alabama Habitual Felony Offender Act. Two of the four issues raised by Hill are necessary for our determination of the appeal.
 I.
At trial, Hill's defense counsel attempted to question the state's forensic witness, Dr. Gregory G. Davis, about certain substances found in the victim's urine during an autopsy. During this questioning, the following exchange occurred:
 "Q [By Mr. Luker, defense counsel]: Codeine is found in what kind of drug? What are some of the brand names that we are all familiar with?
 "A [Dr. Davis]: Pain killers. One would be Tylenol III which has acetaminophen and also codeine.
"Q: There's actually codeine pills, aren't there?
 "THE COURT: Listen, let's move on to something else.
 "MR. LUKER: Your Honor, I'm trying to establish that hydrocodone is not something —
"THE COURT: Let's move to something else. *Page 976 
 "MR. LUKER: Could I get an exception, Your Honor?
"THE COURT: You've got an exception.
 "Q: You don't have any way of knowing whether these drugs that you found are drugs from abuse or from prescriptions, do you?
"A: No sir. I have no way of knowing that.
"Q: These drugs, hydrocodone —
 "THE COURT: Let's move on to something else. We're through with that. Have a seat.
". . . .
 "(Following proceedings were had and done outside the hearing of the jury:)
 "MR. LUKER: As a result of your objection and the Court cutting me off, I would like to make a proffer of what the witness may have answered.
 "THE COURT: He would have named a lot of drugs from which you would have had this jury speculating what it was. They have been told what the drugs were. You were trying to let him confuse the jury with all of the names of the drugs which would have meant this jury would have been speculating. Whatever drugs were in the victim's body has no probative value. There's no probative value that can outweigh the prejudicial effect.
 "MR. LUKER: Could I make my record? I would like to say my intent was not to get a list of drugs. Codeine and Hydrocodone —
"THE COURT: We are through with it."
(R. 440-44.) Hill asserts on appeal that the trial court erred in refusing to allow him to make an offer of proof as to what he expected the witness to testify to. We agree, and we reverse the judgment and remand the case.
The Alabama Supreme Court has upheld the right of a defendant in a criminal trial to make an offer of proof as to what he or she expected the testimony to reveal had there been no adverse ruling that prevented the evidence from being introduced. InEx parte Fields, 382 So.2d 598, 599 (Ala. 1980), the Court wrote:
 "As a general proposition, the party asking a question to which an objection has been sustained must be given the opportunity to make an offer of proof stating the answer expected to be given. C. Gamble, McElroy's Alabama Evidence § 425.01(2) (3rd. ed. 1977).
 "In White v. State, 48 Ala. App. 111, 262 So.2d 313 (1972) the Court of Criminal Appeals reaffirmed as the rule governing cases such as this, the following language in Sellers v. State, 7 Ala. App. 78, 61 So. 485 (1919) (citations omitted):
 " 'It is further settled that on appeal, when error is predicated upon an exception to the action of the trial court in sustaining an objection by the other party to questions propounded to a witness, the trial court will not be put in error, unless it was made known to [the] court what testimony it was expected to elicit by the question, and unless it further appears that it was material to the issues in the case. . . . Here we do not know what answer the witness would have given to the question, and cannot say, therefore, whether it would be material to the issue; but our lack of information is not due to any failure or neglect on the part of defendant's counsel to attempt, by established methods, to properly inform us and the court below, but to the action of the trial court in refusing to permit him to do so. In this the court was in error. The Constitution guarantees to the accused the right to be heard by himself and counsel, or either. If the court feared that a statement from defendant's counsel as to what he expected to prove by the witness might improperly prejudice the jury, the court should have had the jury to retire, pending the hearing; but certainly the court should not have foreclosed the defendant's counsel of his right to be heard, and thereby rendering it impossible for a reviewing court to pass on the relevancy and competency of the testimony he offers to produce.' "
(Emphasis added in White.)
Although in the instant case there was no offer of proof after an objection was *Page 977 
sustained,, the result of the court's cutting off the defense's questioning on its own initiative is no different. We are left with no opportunity to deduce from the record whether the testimony sought by the defense was properly disallowed. The trial court committed reversible error when it denied Hill the opportunity to make an offer of proof concerning the testimony he expected from Dr. Davis.
 II.
Hill argues that the trial court erred in instructing the jury on heat-of-passion manslaughter as a lesser included offense. Heat-of-passion manslaughter is defined at §13A-6-3(a)(2), Ala. Code 1975, as follows:
 "(2) [Causing] the death of another person under circumstances that would constitute murder under Section 13A-6-2; except, that he [or she] causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself."
Hill argues that the facts, as presented at trial, do not reasonably support a charge of heat-of-passion manslaughter. We agree.
Alabama law is settled as to when a jury instruction on a lesser included offense is proper. A person accused of an offense has a right to have the court charge on any lesser included offenses when there is a reasonable theory from the evidence supporting those lesser included offenses. Kennedy v.State, 494 So.2d 792, 794 (Ala.Cr.App. 1986); Wiggins v. State,491 So.2d 1046, 1047-48 (Ala.Cr.App. 1986); Chavers v. State,361 So.2d 1106, 1107 (Ala. 1978).
 "Alabama appellate courts have frequently addressed the level of recognized legal provocation required to prove heat-of-passion manslaughter. The instances in which sufficient provocation has been found fall in two categories. Where one party finds his or her spouse in the act of committing adultery, sufficient legal provocation exists to support an instruction on heat-of-passion manslaughter in the subsequent killing of the offending spouse or the paramour. Biggs v. State, 441 So.2d 989, 992
(Ala.Cr.App. 1983). Also, if a person who has been physically assaulted, suddenly and still under the maddening influence of the blow, slays the assailant, a jury can properly find that there was sufficient provocation to support a conviction of manslaughter. Perry v. State, 453 So.2d 762, 765
(Ala.Cr.App. 1984). Mere words, whether they consist of threatened future adultery, admitted past adultery, or other language, no matter how abusive or insulting, will not reduce a killing from murder to manslaughter. See Biggs, supra, 441 So.2d at 992; Perry, supra, 453 So.2d at 765."
MacEwan v. State, 701 So.2d 66, ___ (Ala.Cr.App. 1997).
The instant case does not fall under either category discussed above. The uncontroverted facts reveal that Hill and Grant were involved in a verbal argument on the front porch of Hill's residence before Hill went inside and retrieved a gun. When Hill emerged from his residence, Grant was in his truck preparing to leave. Hill approached the truck, cursed at Grant, and then fatally shot him in the head. The parties agree that there was no violence in the confrontation between Hill and Grant until the fatal shot was fired. Although it is clear from the record that Grant made several threats directed at Hill, these threats are not sufficient to reduce the killing from murder to manslaughter. The court's instruction on heat-of-passion manslaughter constituted reversible error.
For the foregoing reasons, the judgment of the trial court is reversed and the case is hereby remanded.
REVERSED AND REMANDED.
All the Judges concur. *Page 978