306 So.2d 29

**Billy Wayne WALDROP**

v.

**STATE.**

**7 Div. 270.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

164

William S. Halsey, Anniston, for appellant.

William J. Baxley, Atty. Gen. and William T. Musgrove, Jr., Sp. Asst. Atty. Gen., for the State.

COLQUITT, Circuit Judge.[1]

Appellant pled guilty to murder in the second degree after trial had commenced and his punishment was fixed by a jury at twenty years imprisonment.

During the presentation of the State's evidence, appellant entered into an agreement with the State whereby on a plea of guilty he would receive a sentence of fifteen years imprisonment. Upon the plea of guilty the matter was submitted to the jury. The jury returned a sentence of twenty years.

In a record entry made by the court, the trial judge wrote:

"Whereupon, now on this 3rd day of October, 1973 and out of the presence of said Jury, the Court was advised by Counsel for Defense and for State that an agreement had been reached in said case (No. 6255) between said parties wherein said Defendant, while attended by said Attorneys, agrees to plead guilty to Murder in the Second Degree, a lesser offense included in the Charge of Murder contained in the indictment in said Case (6255) and the State by and through said District Attorney agrees to reduction of said offense to Second Degree Murder, *and, each of said parties agree to a sentence of fifteen (15) years imprisonment, and the Court advised said Counsel that the Jury would be the proper authority to fix the punishment* in this Case to be not less than 10 years imprisonment and no limit to maximum for an offense of Murder in the Second Degree." (Emphasis added).

1. July 9, 1974, pursuant to § 6.10 of the Judicial Article, Amendment No. 328 of the Constitution the Chief Justice assigned to this

Court Honorable Joseph Colquitt, Judge of the 6th Judicial Circuit, for temporary service.

Subsequently, in the court's charge to the jury, it was clearly stated that the jury was required by law to fix the punishment after trial had actually started, the range of punishment open to the jury being a minimum of 10 years with no maximum. Neither the prosecution nor the defense challenged the court's initial charge to the jury.

Before returning a verdict, the jury asked the court for further instructions concerning the agreement between the State and the defendant and also concerning the limits on the punishment they could impose. The court first stated:

"  .   .   .   Alabama law requires that the jury fix the punishment, and the jury can given a minimum punishment of ten years—there is no maximum that the jury can give in the number of years . . . . It could be twenty-five, fifty, 1,000, 10,000 years, or whatever the jury felt like they ought to insert, but there is a minimum of ten years."

On the subject of the agreement the court stated the following:

"It's my understanding that they have negotiated this plea of guilty to this charge of second degree murder. They have agreed upon a sentence among themselves of fifteen years. That is between the State of Alabama and the defendant. And, of course, that's subject to the approval of the jury. You see, if the case didn't have to go to the jury . . . it can just be submitted to the Court. But in a case like this, it's got to go to the jury. What it boils down to, is are you going to approve that agreement?" (Emphasis added).

When the jury subsequently set punishment at twenty years, the defense first moved that defendant be allowed to withdraw his guilty plea and reinstate his plea of not guilty, and then moved to have a mistrial declared. Finally defense moved that the jury be allowed to return to the jury room "for the purpose of determining if they . . . (could) reach a verdict in accord-ance with the agreement of the State of Alabama with this Defendant for fifteen years." This latter motion was granted; the jury deliberated further and again returned with a sentence of twenty years. The court then denied the other motions raised by the defense and sentenced defendant in accord with the jury's determination.

On appeal, the defendant argues that the jury should have been bound by the agreement struck between the defendant and the State. But we find that in both the record entry and jury charge, the trial judge was correct in his pronouncement that the jury had sole discretion to set punishment and could not be bound by an agreement between the State and defendant. Burrett v. State, 133 Ala. 119, 32 So. 234 (1901).

The United States Supreme Court has stated that a plea bargain is both constitutional and binding on the parties to the bargain, i. e., the State and the defendant. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). This rule was accepted and extended by this court in Blow v. State, 49 Ala.App. 623, 274 So.2d 652 (1973), wherein Blow had entered an agreement to plead guilty to a charge of illegal sale of narcotics and receive a three-year sentence with sentencing postponed for several months. Defendant failed to appear for sentencing on the agreed upon date. When he was sentenced the trial judge "acknowledged the three-year agreement, but because of the appellant's failure to appear, and further violations, the three-year recommendation was not accepted," and Blow was sentenced to five years. This court reversed, stating:

"Our respected brother on the trial bench was in error in his actions. After advising the appellant that he could not take the recommended plea he should have afforded him an opportunity to withdraw it. Although the judge's prior concurrence may have been conditional, the plea withdrawal was necessary to correct the broken bargain." Id. at 624, 274 So.2d at 652.

■ Even though the parties to the agreement are bound by it and the judge may have to offer defendant an opportunity to withdraw the plea if he fails to accept it, still Alabama law requires that the jury have complete discretion in a case of this sort to set punishment and precludes any agreement which would require otherwise. *Durrett,* supra; Albright v. State, 50 Ala.App. 480, 280 So.2d 186, cert. den., 291 Ala. 771, 280 So.2d 191 (1973); Title 14, § 318, Code of Alabama, Recompiled 1958. As this court reiterated in Headrick v. State, 46 Ala.App. 202, 203, 239 So.2d 572, 573 (1970):

> " 'The appellate courts of this state have reviewed many cases in which the trial judge fixed the punishment when he was not authorized by statute to so do. Some have involved capital offenses, others have not. All of these authorities adhere to the rule that the statutory duty of the jury to fix punishment is mandatory and the trial court cannot relieve the jury of this prerogative. . . . ' " (Citations omitted).

Nothing in our statutes authorizes the state prosecutor to usurp the sentencing function of the jury by binding the jury to a plea bargain. Therefore, in the absence of such authorization, the jury has the duty and responsibility to set sentence at its discretion, bound only by the statutory limitations which apply.

■ Still, in order for defendant's guilty plea to be an acceptable waiver of his constitutional rights, it must be an intelligent and voluntary plea. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The United States Supreme Court, in *McCarthy,* stated:

> "A defendant who enters . . . a (guilty) plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional re-

linquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." 394 U.S. at 466, 89 S.Ct. at 1171.

The Court subsequently held in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that a waiver of constitutional rights could not be presumed from a silent record. As the Court stated:

> "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may later be sought . . ." 395 U.S. at 243–244, 89 S.Ct. at 1712.

■ We believe that for appellant's plea in the present case to be a knowing and voluntary one it must be shown on the record that the defendant was apprised of the fact that the agreement which he entered with the district attorney was in no way binding upon the jury. The record fails to show that the trial judge at any time informed the defendant directly that his plea of guilty would not guarantee a sentence of fifteen years. This failure to show in the record that the defendant was informed of the consequences of his plea in light of the bargain he struck becomes reversible error, due to the fact that the jury did not approve the agreement but instead returned with a sentence of twenty years.

The court below should have granted the defendant's motion for a mistrial and then

given him an opportunity to enter a new plea before the court of either "not guilty", whereupon he would be tried by a different jury; or "guilty", whereupon the court would have been authorized to sentence him as provided in Title 15, § 277, Code of Alabama 1940, 1973 Cumulative Supplement.

During the trial, several photographs were admitted which appellant alleges were prejudicial. Since there must be a new trial in this case, we pretermit a consideration of whether the introduction of these items was prejudicial. We also pretermit consideration of other claims of error as we do not believe such will arise again.

Reversed and remanded.

ALMON, TYSON, HARRIS and De-CARLO, JJ., concur.

CATES, P. J., not sitting.