323 So.2d 387

**Jerry Arlen SMITH**

v.

**STATE.**

**7 Div. 401.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

502

Patrick H. Tate, and David A. Rains, Ft. Payne, for appellant.

William J. Baxley, Atty. Gen., and Milton C. Davis, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Seven two-count indictments were returned against appellant, charging (1) burglary and (2) grand larceny. Upon being arraigned he pleaded not guilty in the presence of two court appointed lawyers. When the cases came up for trial on February 27, 1975, appellant made known to the court, through counsel, that he wished to change his not guilty plea and plead guilty to each indictment. There was a colloquy between the court and appellant for the court to determine if the guilty pleas were voluntarily and intelligently made. All of the *Boykin* rights were fully explained to appellant with the *exception of the range of punishments.* The court advised appellant that he could get a total of *twenty* years under each two-count indictment. Stated another way

the court advised appellant that he could get the maximum of ten years on the count charging burglary and the maximum of ten years under the count charging grand larceny. In so advising appellant as to the range of punishment the trial court fell into error. *Carter v. State*, 291 Ala. 83, 277 So.2d 896.

In *Jackson v. State*, 249 Ala. 348, 31 So. 2d 519, the Supreme Court held that where an indictment contains two counts charging offenses calling for the same punishment, and relates to a single criminal transaction, only one penalty can be imposed.

See also *Key v. State*, 55 Ala.App. 232, 314 So.2d 307, which is directly in point.

In *Jones v. State*, 48 Ala.App. 32, 261 So.2d 451, we specifically held that before accepting guilty pleas, the trial court must inform the defendant as to the minimum and maximum punishment for the offense charged.

We note there was no direct appeal from the judgment of conviction in these cases. Had there been a direct appeal, these convictions would have been reversed because of the error above noted. No motion for a new trial was filed bringing this error to the attention of the trial court.

It was brought to the attention of the trial court that he had failed to ask the defendant if he had anything to say why the sentence of the law should not be imposed on him. Thereupon the court set May 14, 1975, as the date to resentence appellant.

From the record:

"(THE FOLLOWING PROCEEDINGS WERE HAD ON MAY 14, 1975) "COURT: The *State vs. Jerry Arlen Smith*, cases 1524, 1474, 1526, 1527, 1528, 1530 and 1533. All of them, except 1474, charge him with burglary second degree and grand larceny. Case number 1474 charges him with buying, receiving and concealing stolen property, and burglary second degree. On February 21, 1975, youthful offender treatment was denied. On February 27, 1975, the defendant appeared, with his attorneys, and entered a plea of guilty. His rights were explained to him, that he had a right to plead not guilty and have a public and speedy trial, see and hear and cross-examine the witnesses the State had against him, the right to offer witnesses, the right to testify, if he desired, the right to remain silent. It was explained to him that there were two counts in each indictment, each charging an offense which provided punishment in the state penitentiary of not less than one year nor more than ten years. He said that he understood that by pleading guilty he gave up those rights. He understood the maximum and minimum punishment, and his plea of guilty was accepted at that time and he was sentenced to three years in the state penitentiary to run consecutively in cases 1474, 1524, 1526, 1527, 1528, 1530 and 1533, and all of this colloquy the court had with the defendant was recorded, along with the sentencing. Mr. Jerry Arlen Smith is before the court now, with his attorneys, and a motion was filed with the court wherein it was asked that the court have the defendant reappear before this court for the purpose of resentencing, and a request was made for a hearing at that time. The court observed, from the petition, that at the time of sentencing the defendant was not asked if he had anything to say before sentence was pronounced by the court, and on that basis, the motion was granted, or the petition was granted, and the defendant brought back for resentencing, and that is the purpose of our being here today, this is the day that was regularly set for this hearing, and the defendant is present with his attorneys, the Honorable David Rains and the Honorable Pat Tate. Also present, of course, representing the State, is the Honorable A. Richard Igou. The probation officer is also present.

"BY THE COURT:

"Q. Mr. Smith, do you understand these charges that are against you? There are seven charges of burglary second degree, six charges of grand larceny, and one charge of buying, receiving or concealing stolen property. You understand those?

"A. Yes, I do.

"Q. It would not be your desire, then, that the Court explain these to you?

"A. No.

"Q. You have had them adequately explained to you by your attorneys?

"MR. RAINS: Your Honor, may I say one thing, for the purpose of explanation? I don't know that Jerry really understands, and I don't think I have explained to him the significance of being charged with two charges in one indictment, and what that means with regard to a sentence which he can receive.

"Q. Well, now, I'll pick one of these up, case number 1533, and you are charged in an indictment containing two counts. One count charges you with burglary second degree. That carries punishment of not less than one year in the state penitentiary, nor more than ten years in the state penitentiary. Another count charges you with grand larceny, and if you should be convicted, or plead guilty, that would carry not less than one year in the state penitentiary, nor more than ten years, or a total in this one particular case of not more than twenty years.

"MR. RAINS: Your Honor, my understanding is they would be multiplicious for sentencing purposes.

"MR. TATE: Since they grew out of the same offense, I don't think he could be sentenced to more than ten years in each case.

"COURT: All right.

"Q. If they all grew out of the same offense, we will only consider one of the counts, burglary second degree in each of them, and in that, burglary second degree, would be not less than one year, nor more than ten years in the state penitentiary.

"MR. RAINS: So, what you are saying to Jerry is that he can receive on any one indictment there is ten years?

"COURT: That's right.

"Q. Do you understand that, Mr. Rains?

"MR. RAINS: Yes.

"Q. Do you understand that, Mr. Smith?

"A. Yes.

"Q. All right, I believe that I have gone over all of the things with the defendant, that is required by the Boykin decision, and Honeycutt.

"MR. RAINS: Your Honor, I would like to move at this time that the original finding of guilt be set aside, and the case be restored to the docket for trial, and the reason for that being, that I believe the transcript will show that during the original colloquy in this case Jerry was not explained the sentence he could receive, in other words, the explanation which you have just now rendered to him about the maximum sentence he could receive on each one of these indictments was not adequately explained at that time, and in fact, there was some implication, at least, that he could have received a longer sentence because of the fact that there were two counts in each of the indictments, and that his plea was not intelligently made at that time.

"COURT: Now, that portion of your motion asking that the sentence be set aside, I grant that.

"MR. RAINS: Yes sir.

"COURT: But, his guilty plea, I won't set that aside. I deny that portion of the motion."

██ In order for a guilty plea to be an acceptable waiver of constitutional rights it must be an intelligent and voluntary plea. *Waldrop v. State*, 54 Ala.App. 163, 306 So.2d 29.

██ When the trial court set aside the sentences imposed on appellant, this had the effect of restoring all these cases to the trial docket to be pleaded to anew. At this point the trial court should have allowed appellant to withdraw his guilty pleas and go from there in the disposition of the pending cases. Failing to do so was tantamount to forcing appellant to plead guilty and no court should hold such a plea to be voluntary.

For the failure of the trial court to grant appellant's motion to withdraw his guilty pleas this case is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

All the Judges concur.