**Richard ROE, Petitioner-Appellant,**

v.

**UNITED STATES ATTORNEY et al., Appellees.**

No. 737, Docket 79–2149.

United States Court of Appeals, Second Circuit.

Argued March 13, 1980.
Decided March 25, 1980.

---

Barry A. Bohrer, New York City (Bohrer, Ullman & Taikeff, New York City, of counsel), for petitioner-appellant.

William C. Bryson, Atty., Dept. of Justice, Washington, D. C. (Edward R. Korman, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., of counsel), for appellees.

Before LUMBARD and MANSFIELD, Circuit Judges, and BARTELS, District Judge.*

* Of the United States District Court for the Eastern District of New York, sitting by designation.

**PER CURIAM:**

Appellant, a state prisoner in federal custody who has been cooperating with the Government in law enforcement activities, appeals from an order of the District Court for the Eastern District of New York entered by Judge Edward R. Neaher on June 18, 1979, denying his petition filed pursuant to 28 U.S.C. § 1361 seeking to compel the Government to transfer him to a minimum security institution near the place to which his family has been relocated by the Government under its witness protection program. The Bureau of Prisons is willing to transfer him to a medium, but not a minimum, security facility. Appellant bases his claim on a promise by a Government Special Attorney, which was made after appellant had cooperated in furnishing certain useful information to the Government. The Bureau of Prisons subsequently refused to make the transfer because of the seriousness of the crimes for which appellant had been imprisoned (murder and rape). Appellant now contends that he is entitled to specific performance of the promise. The district court dismissed the petition on the ground that the Special Attorney lacked the actual authority to bind the Bureau of Prisons contractually.

We affirm the denial of relief, but on somewhat different grounds from those advanced by the district court. We are unwilling to invoke the doctrine of actual authority in this case. "Such principles, borrowed from the commercial world, are inapposite to the ends of criminal justice." *United States ex rel. Selikoff v. Commissioner of Corrections*, 524 F.2d 650, 654 (2d Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976). See also *Palermo v. Warden*, 545 F.2d 286, 296 n.16 (2d Cir. 1976), *cert. dismissed*, 431 U.S. 911, 97 S.Ct. 2166, 53 L.Ed.2d 221 (1977).

We have held that "where a defendant pleads guilty because he reasonably

relies on promises by the prosecutors which are in fact unfulfillable, he has a right to have those promises fulfilled," even where the promisor lacks the authority to bind the particular agency whose action is being compelled. *Palermo v. Warden, supra,* 545 F.2d at 296. However, in the absence of any evidence that appellant furnished any information in reliance on the attorney's representation or promise we hold that appellant has no right under the Due Process Clause or on any other grounds to specific performance of the promised transfer. Cf. *Government of the Virgin Islands v. Scotland,* 614 F.2d 360 (3d Cir. 1980). Here the Government commitment was not part of an inducement of action on the part of the appellant, such as may exist in a plea bargaining context, where an agreement has been reached, see *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971); *Palermo v. Warden, supra.* The promise was gratuitous, and there was no detrimental reliance.

We must take into consideration society's interest in preventing the premature release of a dangerous criminal or his placement in a minimum security facility against the judgment of the Bureau of Prisons. The Bureau has considerable authority in managing the prison system, see 18 U.S.C. § 4042, and we will not lightly disregard its views on whether a particular inmate can safely be left with minimal supervision.

Our holding is not to be construed as a condonation of the Special Attorney's conduct in making a promise which he lacked the power to keep, thereby raising false expectations, without first determining whether the promise would be fulfilled. While fairness to the prisoner is a fundamental consideration, an order of specific performance which would leave a man convicted of murder and rape substantially unsupervised is not warranted by the Government's failure to fulfill a gratuitous promise upon which the prisoner did not rely to his possible detriment.