McMILLAN, Judge.
The appellant, an inmate at Kilby Correctional Facility, filed a petition for writ of habeas corpus in the Circuit Court of Montgomery County. Finding that the petition was in the nature of a petition for relief under Rule 20, A.R.Cr.P.Temp., the court transferred the case to the Circuit Court of Mobile County. The appellant’s petition for writ of mandamus requesting this Court to order the circuit court to set the petition for hearing was dismissed as moot, and the appellant amended his habeas corpus petition to add a prayer for relief under Rule 20. After a hearing, the Circuit Court of Mobile County denied both petitions for relief, stating:
“THE COURT: Why don’t we do this: I’m going to go ahead and make a finding of fact that, in fact, the agreement was that the Defendant, if he would plead guilty, that the State would recommend 45 years to serve concurrently with the sentence imposed in Florida; that the Defendant ... would be returned to Florida to serve the Florida sentence; that Alabama would put a detainer or a hold on him for a period of seven years from the date of sentencing, which was January of 1976; and release that hold or, in effect, what they would mean was they would not seek his return to Alabama to serve any more time on the 45-year Alabama sentence. That’s what I’m construing the agreement to be.
“I also conclude as a matter of law that the District Attorney’s Office did not have the authority to require the Department of Corrections not to attempt to bring him back or not to bring him back to serve the Alabama sentence; also making a conclusion of law that this Court at this time does not have the authority or jurisdiction to order that he be released pursuant to the agreement.
“What the Court is going to do is to order [defense counsel] to draft an order, findings of fact, [and] conclusions of law, ... recommending that the Department of Corrections or the Pardons and Parole Board hold an immediate parole hearing to consider Mr. Gillogly’s parole.
“And the Court further requests that they, if at all possible, uphold the agreement entered into between the State of Alabama and the Defendant.
“Mr. Gillogly, I don’t know what else I can do.”
At the hearing, the appellant and his counsel and co-counsel at the retrial testified. The district attorney stated that the file and docket sheets of the case were missing and that he would accept the testimony of the attorneys as to the facts of the case. The testimony established the following: The appellant pleaded guilty to murder in the Circuit Court of Mobile County in 1973 and was sentenced to life imprisonment. Thereafter, he was tried for a crime in the State of Florida and was sentenced to 45 years’ imprisonment. The appellant’s Alabama conviction was reversed on appeal, and, on retrial, he again entered a plea of guilty. Pursuant to a plea bargain agreement with the State, he was sentenced to 45 years’ imprisonment. However, the district attorney agreed that the Alabama detainer placed on the appellant, while he was imprisoned in Florida, would be removed after the appellant had served seven years of his Florida sentence. The State of Alabama was not to seek his return to serve any more time on the Alabama sentence when that detainer was removed. The appellant’s Florida term expired on June 12, 1989, and, pursuant to a detainer remaining on the appellant by the State of Alabama, the appellant was transferred to the Alabama penal system, where he remains incarcerated.
The appellant contends that the trial court erred in failing to order his immediate release or, alternatively, in failing to allow him to withdraw his guilty plea, because the State breached its plea bargain agreement to remove the detainer after he had been imprisoned for seven years. He argues that the promise of the removal of the detainer was a material factor in his decision to enter a guilty plea.
However, regarding the appellant’s alternate claim of error, the habeas corpus petition sought “relief from the illegal and unconstitutional restraint,” and the Rule 20 *102 petition asked the court for “an order releasing [the appellant] from the custody of the State of Alabama Department of Corrections.”
“[Courts have had great difficulty in dealing with] those cases in which the promise which was made by the prosecutor or some other agent of the state is ‘unfulfillable’ in the sense that it is a commitment to produce a result not authorized by law or beyond the power of the promisor to produce. Illustrative of the latter are where the prosecutor makes commitments as to the sentence actually to be imposed, the time of release on parole, nonprosecution outside his county or district or even in another jurisdiction, nonextradition to another country, or favorable action by an administrative agency. In such circumstances the court ‘faces an unpleasant choice: order specific enforcement of the unauthorized promise and bind officials who took no part in the plea negotiations, or merely allow withdrawal of the guilty plea, ignoring the consequences of the defendant’s reliance on the bargain.’ But when that reliance is nothing more than an expectation that the promise would be kept, and the situation is not one in which ‘withdrawing the plea may not even approximate the status quo ante, ’ there is good reason to deny the defendant his desired remedy of specific performance. Withdrawal of the plea must suffice, for otherwise there would be unnecessary encroachment upon established doctrine on the allocation of authority, such as that the prosecutor cannot bind the judge as to the sentence and cannot bind a prosecutor in another jurisdiction as to charging.
“When the defendant’s reliance is more substantial, then a more delicate balancing process is required. One factor which must be considered is the precise nature and extent of the detrimental reliance. If the defendant has served a period of imprisonment under the plea, has provided information to the authorities as part of the plea agreement, or has been jeopardized as to his defense by the turn of events, a court may be more willing to turn to specific enforcement even though the necessary consequence is to limit the discretion of persons who were not even parties to the plea agreement. Illustrative is Palermo v. Warden [545 F.2d 286 (2d Cir.1976)], where the prosecutor promised defendant a suspended sentence and parole in 18 months on an earlier conviction if he would turn over the four million dollars worth of jewelry taken in a robbery. The defendant agreed and complied, resulting in the ‘largest recovery of stolen property in the history of law enforcement,’ but the prosecutor was thereafter unsuccessful in convincing the paroling authority to release the defendant as promised. Although, as the dissent objected, it necessitated an ‘intrusion into the exercise of administrative discretion of a wholly independent agency,’ the court concluded that the ‘only meaningful relief’ was specific performance. By contrast, in Roe v. United States Attorney [618 F.2d 980 (2d Cir.1980) ], where defendant had been promised confinement in a minimum security prison, the court refused specific performance because there was no showing that the defendant had furnished information or otherwise detrimentally relied on the promise.
“A second factor which appears to enter into the resolution of these cases is the extent to which it is important to preserve the independence of the other agency which would be required to act in a certain way if specific performance were ordered.”
LaFave, Criminal Procedure (1984), § 20.-2(d) at 600-601.
Regarding the trial court’s refusal to order the appellant’s immediate release, the appellant’s claim of error is without merit. Code of Alabama 1975, §§ 15-22-24 and 15-22-36, charge the Board of Pardons and Parole with the duty of determining which prisoners are to be released, when they are to be released, and under what conditions. Subsection 15-22-24(i) provides as follows:
“The board shall have the power, authority, and jurisdiction to conditionally *103 transfer a prisoner to the authorities of the federal government or any other jurisdiction entitled to his custody to answer pending charges or begin serving a sentence in response to a properly filed de-tainer from the other jurisdiction. Such conditionally transferred prisoner shall remain the legal custody of the warden of the institution from which he was transferred. Should any such conditionally transferred prisoner satisfy all de-tainers against him prior to completion of his Alabama sentence, said prisoner shall not be released from custody without further order of the board of pardons and paroles.”
The statutory duties placed on the board are mandatory, and the limitations and restrictions therein are to be strictly construed. Ellard v. State, 474 So.2d 743 (Ala.Cr.App.1984), aff’d, 474 So.2d 758 (Ala.1985). It is possible that after credit for good time, the appellant’s Alabama sentence has already been served.- If not, it is possible that the Board of Pardons and Parole will determine that the appellant should be paroled before the expiration of his sentence.
However, it is clear that the appellant is entitled to relief. Therefore, the judgment in this cause is due to be reversed and the cause remanded to the trial court in order for the appellant to withdraw his guilty plea. Assuming that he again pleads guilty, the trial court may sentence the appellant to time served, especially in light of the circumstances of this case.
REVERSED AND REMANDED.'
All Judges concur.