BOWEN, Presiding Judge.
This is a petition for a writ of mandamus. The petitioner, the district attorney of Jefferson County, is seeking an order from this Court directing District Judge Orson L. Johnson to resentence the defendant, Jan Ackerman, by enhancing the sentence he has previously imposed by application of Ala. Code 1975, §§ 13A-12-250 and -270 (providing an additional five years’ imprisonment if the sale of a controlled substance occurred within three miles of a school or a public housing project, respectively).
The significant facts are as follows:
November 9, 1993: The defendant was arrested by warrant for the unlawful distribution of Dilaudid.
December 20, 1993: The case was set for a preliminary hearing, at which time the assistant district attorney and the defendant, represented by counsel, entered into a written plea agreement. Under the terms of the agreement, the defendant would waive any defects in the indictment and plead guilty to the charge, the district attorney (hereinafter DA) would recommend a sentence of two years’ imprisonment, and the defendant could apply for probation. Sentencing enhancement provisions were not discussed in reaching the agreement. The plea agreement was approved and accepted by District Judge Johnson. That agreement bears the signatures of the defendant, defense counsel, the deputy district attorney, and Judge Johnson.
Sometime shortly (“within minutes,” R. 12) after Judge Johnson signed the agreement, the assistant district attorney who had entered into the plea agreement “realized that he had forgotten to consider the school and housing project enhancements” and immediately informed the judge that the offer might have been illegal. Subsequently, the DA’s office requested that the plea agreement be rescinded.
March 10, 1991: The DA filed a “motion to impose mandatory sentence.”
January 7, 21; February 1, 8; April 22, 1991: Case continued due to the birth of the defendant’s child and to allow the “State of Alabama the opportunity to present anything that they wished to present and also the defendant the opportunity to present anything that the defendant wished to present.” R. 6.
April 22, 1991: The defendant filed a written motion to enforce the plea agreement. Judge Johnson ruled, in open court, that the DA was bound by the plea agreement. In establishing the factual basis for the defendant’s guilty plea, the State established that the unlawful distribution had occurred within three miles of a school and of a public housing project. At the conclusion of this hearing, Judge Johnson accepted the defendant’s guilty plea and sentenced her to two years’ imprisonment.
At the proceedings on April 22, 1994, the State admitted that the plea bargain agreement was “entered into in good faith.... There was no fraud perpetrated on the district attorney’s office by [defense counsel] and we are not alleging any such thing.” R. 11-12. The State also represented, and it appears undisputed, that there was no discussion of any enhancement provisions during the plea bargaining process.
In addition, a deputy district attorney testified at that hearing that he was “not aware of any time that we have failed to enforce the enhancement provisions when we were aware they were applicable.” R. 60. The deputy district attorney also testified that the enhancement provisions of §§ 13A-12-250 and -270 apply to a prosecution for sale and not for possession, and that charges of the sale of controlled substances are not reduced to possession charges “to avoid enforcement *204 of a legal provision.” R. 57. However, the prosecutor also admitted that on some occasions in the past a narcotics officer had requested that a distribution charge be reduced to possession to “cut some slack” to an informant who had “helped” on a case, and that the prosecutor had reduced the charge. R. 64-5.
In Broaden v. State, 645 So.2d 368 (Ala.Cr.App.1994), a plea bargain agreement provided that the State would waive application of § 13A-12-250. This Court held that the enhancement provision of Ala.Code 1975, § 13A-12-250, could not be waived:
“This court on many occasions has held that the enhancement provisions of § 13A-12-250 and § 13A-12-270, which provides for an enhanced sentence if the sale occurs within a three-mile radius of a public housing project, are mandatory. Cunny v. State, 629 So.2d 693 (Ala.Cr.App.1993); Burks v. State, 611 So.2d 487 (Ala.Cr.App.1992); McGee v. State, 607 So.2d 344 (Ala.Cr.App.1992); Green v. State, 586 So.2d 54 (Ala.Cr.App.1991).
“‘“[W]e believe that the legislature clearly intended to protect these areas ... from the evils associated with drug activities,” Qualls v. State, 555 So.2d 1158, 1165 (Ala.Cr.App.1989), and to provide for more serious sentences to those individuals who sell illegal drugs near schools or housing projects.’
“McGee, 607 So.2d at 347.
“These statutes are mandatory. If there is evidence that would require the application of one, or both, of these statutes, the prosecutor should bring that evidence to the attention of the court so that the trial court may sentence the defendant accordingly.”
We find that the district court judge erred in granting specific enforcement of the plea bargain agreement. The assistant district attorney had no authority to propose the original recommended sentence of two years’ imprisonment. That proposal was extended only through negligence. Shortly after the agreement was accepted by the judge, the State informed the court of its error and attempted to rescind the agreement. The petitioner-defendant has shown no detrimental reliance upon the plea agreement or prejudice resulting therefrom. It has not been demonstrated that she “has served a period of imprisonment under the plea, has provided information to the authorities as part of the plea agreement, or has been jeopardized as to [her] defense by the turn of events.” W. LaFave and J. Israel, 2 Criminal Procedure § 20.2 at 600-601 (1984). See Gillogly v. State, 593 So.2d 100, 102-03 (Ala.Cr.App.1991) (defendant not entitled to specific performance of plea agreement under which prosecutor made unauthorized promise to remove detainer, although he was entitled to withdraw his guilty plea). Furthermore, specific enforcement of this plea agreement would permit the State, in the future, to avoid the mandatory nature of any sentencing enhancement statute merely by claiming that the State was not “aware” of the triggering events or circumstances before the acceptance of the plea bargain. The mandatory nature of §§ 13A-12-250 and - 270 was established by the Alabama legislature — not the district court, not the Court of Criminal Appeals, and not the district attorney.
The petition for a writ of mandamus is granted. Because Ackerman cannot receive the agreement for which she bargained, her plea is involuntary. The district court is ordered to set aside the conviction and sentence entered on April 22, 1994, in the case of Jan Ackerman, DC-93-10181. All parties are returned to the status quo existing on December 20, 1993, before the plea negotiations were accepted by the district court. In any further prosecution of Ackerman, the State may not use any admissions obtained from or volunteered by Ackerman in connection with the plea agreement or the acceptance of her guilty plea. Rule 14.3(d), A.R.Crim.P.
PETITION GRANTED.
All Judges concur.