The appellant, Tony Ray Brown, pursuant to a plea agreement, pleaded guilty in 1983 to assault in the second degree. Under the terms of the agreement the appellant apparently agreed to leave Washington County and never return without the prior consent of the sheriff. In exchange, the state agreed that as long as he abided by his part of the agreement, the court would never impose a sentence for his conviction. In essence, the appellant was banished.
The record reflects that the appellant did leave the area for about five years but then returned. After living in Washington County for about three years, he was arrested on an unrelated charge in 1994. At that time, the district attorney's office, 11 years after the appellant's 1983 conviction, filed a motion for the court to impose a sentence on the appellant as a result of his 1983 guilty plea. The appellant was then brought into court and sentenced, pursuant to the Habitual Felony Offender Act, to 25 years' imprisonment in the penitentiary.
The appellant argues on appeal that the proceedings were contrary to law and that he was unlawfully sentenced because, he says, he had complied with the terms of his 1983 plea agreement.
Was the 1983 plea agreement valid and enforceable? No. Our statutes do not permit courts to impose sentences of banishment. Such an agreement is beyond the jurisdiction of the court and is void. Any conviction entered by the court pursuant to the appellant's plea is set aside and the parties are returned to the status quo existing before the plea agreement.State v. Ackerman, [Ms. CR-93-1679, August 4, 1994] ___ So.2d ___, ___ (Ala.Cr.App. 1994). The appellant must be given an opportunity to plead guilty or not guilty to the original charge.
This cause is therefore remanded for the Circuit Court for Washington County so that the appellant can have the opportunity to plead to the indictment or for other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur. *Page 584