I dissent from the majority's holding that the Alabama Board of Pardons and Paroles can effectively banish a person as a condition of his parole and that such banishment does not violate the Constitution. Article I, § 30, Alabama Constitution of 1901, states, in pertinent part: "That immigration shall be encouraged; emigration shall not be prohibited, and no citizenshall be exiled."
The majority correctly notes a judge cannot make a sentence of banishment a condition of probation. Brown v. State,660 So.2d 235 (Ala.Cr.App. 1995). However, the majority attempts to draw a legitimate distinction between a judge's setting a sentence of banishment as a condition of probation and the Board of Pardons and Paroles setting such a condition to parole. This reasoning is flawed. Is the Board of Pardons and Paroles above the Alabama Constitution and the law? The Alabama Constitution applies equally to all persons, including members of a parole board and judges. "What's sauce for the goose is sauce for the gander." I dissent from the majority's holding that the appellant's banishment as a condition of his parole was lawful. *Page 874