The appellant, Timothy Warren, was convicted of unlawful possession of a controlled substance, specifically cocaine, a violation of § 13A-12-212, Code of Alabama 1975. He was sentenced as a habitual offender with three prior felony convictions to 15 years' imprisonment.
The record reflects that on August 22, 1996, the appellant pleaded guilty to possession of cocaine. He was sentenced to 17 years' imprisonment. The appellant subsequently filed a motion to withdraw his guilty plea, which the trial court granted on October 24, 1996.
On November 20, 1996, pursuant to a plea agreement negotiated with the state, the appellant pleaded guilty to unlawful possession of cocaine. Under the terms of the plea agreement, the appellant agreed to leave the state of Alabama upon his release from prison and not to return. The trial court, in compliance with the plea agreement, sentenced the appellant to 15 years' imprisonment and ordered him to leave the state of Alabama upon his release from prison and not to return.[1]
Between December 17 and December 20, 1996, the appellant filed a number of handwritten documents with the circuit court clerk, one of which was styled a "motion to appeal." (C. 51.) In this motion, the appellant moved to withdraw his guilty plea, arguing, in part, that he never agreed to the condition that he leave the state of Alabama after his release from prison. On December 30, 1996, the trial court denied the appellant's post-trial motions.
Art. I, § 30, Alabama Constitution of 1901, states, inter alia, that "no citizen shall be exiled." The appellant maintains that his conviction must be reversed because the trial court banished him from the state of Alabama in violation of the Alabama Constitution.
Our research has revealed very few cases in Alabama addressing the legality of banishment[2]; however, in Brown v.State, *Page 1318 660 So.2d 235 (Ala.Cr.App. 1995), this Court addressed an issue very similar to the issue in the present case. InBrown this Court determined that a plea agreement based upon the defendant's banishment from a particular county in Alabama was invalid. We stated:
 "The appellant, Tony Ray Brown, pursuant to a plea agreement, pleaded guilty in 1983 to assault in the second degree. Under the terms of the agreement the appellant apparently agreed to leave Washington County and never return without the prior consent of the sheriff. In exchange, the state agreed that as long as he abided by his part of the agreement, the court would never impose a sentence for his conviction. In essence, the appellant was banished.
 "The record reflects that the appellant did leave the area for about five years but then returned. After living in Washington County for about three years, he was arrested on an unrelated charge in 1994. At that time, the district attorney's office, 11 years after the appellant's 1983 conviction, filed a motion for the court to impose a sentence on the appellant as a result of his 1983 guilty plea. The appellant was then brought into court and sentenced, pursuant to the Habitual Felony Offender Act, to 25 years' imprisonment in the penitentiary.
 "The appellant argues on appeal that the proceedings were contrary to law and that he was unlawfully sentenced because, he says, he had complied with the terms of his 1983 plea agreement.
 "Was the 1983 plea agreement valid and enforceable? No. Our statutes do not permit courts to impose sentences of banishment. Such an agreement is beyond the jurisdiction of the court and is void. Any conviction entered by the court pursuant to the appellant's plea is set aside and the parties are returned to the status quo existing before the plea agreement. State v. Ackerman, [669 So.2d 202,] (Ala.Cr.App. 1994), reversed. The appellant must be given an opportunity to plead guilty or not guilty to the original charge."
660 So.2d at 236. (Emphasis added.)
While we recognize that the granting of a motion to withdraw a guilty plea is within the trial court's discretion, Ex parteHeaton, 542 So.2d 931, 933 (Ala. 1989), "a trial judge has no discretion to withhold a request for the withdrawal of a plea where the plea is conditioned on a invalid agreement." State v.Gilliam, 274 S.C. 324, 262 S.E.2d 923, 924 (1980), citing 21 Am.Jur.2d Criminal Law § 504. In the instant case, the plea agreement entered into between the appellant and the state was invalid because it was conditioned, in part, on the appellant's permanent banishment from the state following his release from prison — a violation of Art. I, § 30, Alabama Constitution of 1901. It makes no difference that the appellant agreed to this condition as a term of his negotiated plea agreement — a defendant cannot consent to a sentence that is beyond the authority of the court.[3]
Although we question whether, even if the plea agreement were valid, the "banishment" provision of the appellant's sentence could be enforced — it apparently takes effect only after the appellant's release from prison following completion of his sentence — for the reasons stated above, we must reverse the appellant's conviction. "Any conviction entered by the court pursuant to the appellant's plea is set aside and the parties are returned to the status quo existing before *Page 1319 
the plea agreement." Brown 660 So.2d at 236.
The judgment is reversed and this cause is remanded to the Circuit Court of Montgomery County so that the appellant can have the opportunity to plead to the indictment or for other proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.
[1] The explanation of rights and plea of guilty from contains a handwritten notation that the appellant is to leave the state upon release from prison. (C. 36.) The trial court's oral and written sentencing orders reflect that the appellant is to leave the state of Alabama at the conclusion of his sentence and that he is not to return. (R. 6; C. 6.)
[2] Our research has revealed the following cases: Abernathy v.State, 43 Ala. App. 231, 187 So.2d 287, 289, (1966) ("[a]t an early date, the Supreme Court of Alabama, in Morgan v. State,19 Ala. 556, hn. 3, stated in effect that by reason of our constitutional prohibition of banishment as a punishment, the English Statute of Additions of 1413, 1 Hen. IV, Ch. 5, was not a received part of our common law, since it was not adapted to nor compatible with our institutions"); Bullock v. State,392 So.2d 848 (Ala.Cr.App. 1980) (wherein this Court held, in part, that a condition of probation which required the defendant to remain outside the state of Alabama during the term of his probation was a violation of the defendant's constitutional rights); Yadyaser v. State, 430 So.2d 888, 891 (Ala.Cr.App. 1983) (an order by the trial court that the defendant, an Iranian national, present proof of a one-way ticket to his homeland or other foreign destination as a condition of probation was held not to be unlawful because the defendant "was not banished from either the court's jurisdiction or the United States for any set period of time"); Brown v. State,660 So.2d 235 (Ala.Cr.App. 1995) (discussed above in text); Beaversv. State, 666 So.2d 868 (Ala.Cr.App. 1995) (wherein this Court distinguished between banishment as a condition of release to parole and the unlawful imposition of a sentence of banishment).
[3] This difference is what distinguishes the present case from the decisions of the Alabama Supreme Court in Ex parteRichardson, 678 So.2d 1046 (Ala. 1995), and Ex parte Johnson,669 So.2d 205 (Ala. 1995), wherein that Court compelled specific performance of the terms of a plea agreement. InRichardson and Johnson, the prosecution sought to renounce negotiated plea agreements that failed to take into consideration mandatory sentence enhancements. Rejecting the prosecution's attempts to rescind the plea agreements, the Supreme Court emphasized that a defendant's due process rights must take precedence over protecting the state from its own mistakes. "It is the Due Process Clause that mandates enforcement of the state's promise when the accused has detrimentally relied on that promise in pleading guilty or in taking action based on the promise." Johnson, 669 So.2d at 207.