MADDOX, Justice
(dissenting).
Mary Beth Bridges pleaded guilty to two counts of unlawful distribution of a controlled substance, violations of § 13A-12-212, Ala.Code 1975. The trial court entered judgments of conviction and sentenced her to serve two concurrent seven-year terms of imprisonment. Bridges ap *577 pealed. The State asked the Court of Criminal Appeals to remand the case for the trial court to impose an additional fine as provided for in § 13A-12-281, Ala.Code 1975. The Court of Criminal Appeals declined to do so, and it affirmed, on December 10, 1999, without an opinion. Bridges v. State, (No. CR-98-1494) — So.2d - (Ala.Crim.App.1999) (table).
The State petitioned for certiorari review, which the majority of the Court today denies. For the reasons discussed below, I believe the petition should be granted. Therefore, I must respectfully dissent.
Bridges was initially charged with three counts of unlawful distribution of a controlled substance. In exchange for her guilty plea on two of those three counts, the State agreed to the dismissal of the remaining count of the indictment. Further, the State agreed to recommend to the trial judge that Bridges be sentenced to the concurrent seven-year terms that the trial judge did, subsequently, impose.
The Court of Criminal Appeals based its decision not to remand on Ex parte Johnson, 669 So.2d 205 (Ala.1995), and Ex parte Richardson, 678 So.2d 1046 (Ala.1995).[1] In both of those cases, this Court held that the State was bound to the terms of a guilty-plea agreement. I dissented in both Johnson and Richardson. In Richardson, I explained:
“This case is strikingly similar to Ex parte Johnson, 669 So.2d 205 (Ala.1995). In that case, ... I joined Justice Houston’s dissent, which stated that ‘an assistant district attorney cannot, by inadvertence, undermine the legislature’s authority to establish sentencing ranges.’ 669 So.2d at 207. As in Johnson, the majority in this case overlooks the mandatory aspect of the sentence enhancement statutes as established by the legislature.”
678 So.2d at 1048-49. (Footnote omitted.)
I conclude that this case, like Johnson and Richardson, involves a mandatory provision that the trial court was not at liberty to ignore— § 13A-12-281. That Code section states:
“In addition to any disposition and fine authorized by ... [§ ] 13A-12-212 ... or any other statute indicating the dispositions that can be ordered for such a conviction ..., every person convicted of ... a violation of any offense defined in [§ 13A-12-212 and other Code sections listed in this Code section but omitted here] shall be assessed for each such offense an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders.”
(Emphasis added.) The word “shall” is presumptively mandatory, Hornsby v. Sessions, 703 So.2d 932, 939 (Ala.1997), and I believe that the provisions of § 13A-12-281 apply to this defendant. Accordingly, I believe the trial court was required to impose the fines set out by § 13A-12-281. To the extent that Johnson and Richardson require or allow the conclusion that the trial judge was not required to impose those fines, I would overrule those cases.
I respectfully dissent from the order denying the State’s petition for certiorari review.

. Although the Court of Criminal Appeals did not issue an opinion, it did issue an unpublished memorandum explaining its reasons for affirming. See Rule 54, Ala. R.App. P.