Fred E. Marquette appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his May 2003, guilty-plea convictions for three counts of sodomy in the second degree and his resulting sentences of 15 years' imprisonment for each conviction. Marquette did not appeal.
Marquette timely filed his petition on July 2, 2004, raising three claims: (1) that the trial court lacked jurisdiction to accept the pleas or to sentence him; (2) that his guilty pleas were involuntary because, he said, the State breached the terms of the plea agreement by presenting witnesses at the sentencing hearing; and (3) that his trial counsel was ineffective for not bringing the State's alleged breach of the plea agreement to the trial court's attention. After receiving a response from the State, the circuit court issued an order summarily denying the petition on August 16, 2004.
 I.
Marquette contends that the trial court lacked jurisdiction to accept his pleas or to sentence him. Marquette's entire allegation in this regard in his petition is as follows:
 "The trial court lacked jurisdiction to accept a plea of guilty or to sentence pursuant to that plea of guilty due to the fact that the statute of limitations had expired prior to the rendering of the indictment in this case, or the case was stale due to laches."
(C. 13.)
Marquette does not pursue on appeal his laches argument; therefore, that claim is deemed to be abandoned. See, e.g.,Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App. 1995) ("We will not review issues not listed and argued in brief.").
Marquette's statute-of-limitations argument was not pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P. Rule 32.3 states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts *Page 1112 
necessary to entitle the petitioner to relief." Rule 32.6(b) states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Marquette made a conclusory allegation that the statute of limitations had expired before the indictment was returned, but he failed to allege the date of the crimes or the date of the indictment.[1] Marquette's claim is nothing but a bare allegation unsupported by any specific facts that would tend to indicate that his prosecution was barred by the statute of limitations. Therefore, the circuit court properly denied this claim.
We note that Marquette also argues in his brief on appeal that his trial counsel was ineffective for not raising in the trial court the statute-of-limitations argument. However, Marquette did not include this claim in his petition. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v.State, 716 So.2d 237, 239 (Ala.Crim.App. 1997). Therefore, this claim is not properly before this Court for review.
 II.
Marquette contends that his guilty pleas were involuntary because, he says, the State breached the terms of the plea agreement by presenting witnesses at the sentencing hearing and that his trial counsel was ineffective for not bringing the State's alleged breach of the agreement to the trial court's attention and requesting either specific performance of the plea agreement or requesting that he be allowed to withdraw his pleas.
In his petition, Marquette alleged that he had pleaded guilty pursuant to an agreement with the State; that, as part of the agreement, the State had agreed to "stand silent" at sentencing by not presenting any evidence or testimony (C. 11); and that the State breached the agreement when it allowed several witnesses, including victims and victims' family members, to make statements at the sentencing hearing. Marquette attached to his petition a transcript of the sentencing hearing, which reflects that victims and victims' family members made statements to the court at the request of the State. In addition, several days after he filed his Rule 32 petition, Marquette submitted an affidavit in which he stated that he had pleaded guilty pursuant to an agreement with the State that called for the State to "stand silent" at the sentencing hearing, and that his understanding of the agreement was that the State would not call any witnesses or present any evidence at the sentencing hearing. (C. 48.)
In Ex parte Richardson, 678 So.2d 1046 (Ala. 1995), the Alabama Supreme Court stated the following regarding plea agreements:
 "We have stated regarding plea agreements that, if the district attorney makes an offer and that offer is accepted by the accused, either by entering a guilty plea or by taking action to his detriment in reliance on the offer, the plea agreement becomes binding and enforceable. Ex parte Johnson, 669 So.2d 205 ([Ala.]1995); Waldrop v. State, *Page 1113 54 Ala.App. 163, 306 So.2d 29 (Crim.App. 1974), cert. denied, 293 Ala. 777, 306 So.2d 33 (1975). The State does not have to enter into a plea agreement. However, if it chooses to do so, it should not be allowed to repudiate that agreement with impunity. Ex parte Yarber, 437 So.2d 1330 (Ala. 1983). Our position is supported by the United States Supreme Court, which has held that when a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that the promise or agreement can be said to be part of the inducement or consideration leading to the plea, the promise or agreement must be fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427
(1971)."
678 So.2d at 1047.
 "`[I]f there is a plea agreement between a defendant and the State and a breach thereof which is made known to the trial court, and if the trial court does not sentence the defendant pursuant to the terms of the plea agreement (or as alleged in the instant case, that the State makes a sentence recommendation contrary to the plea agreement), then the defendant must be given an opportunity, upon proper, timely, and specific motion, to withdraw his guilty plea. At that point, the trial court must review the circumstances surrounding the making of the plea agreement and determine whether . . . a breach occurred. Further, it must decide if the guilty plea rested in any significant degree upon the agreement of the State, so that such can be said to be part of the inducement or consideration and, thus, must be fulfilled. The trial court may hold a hearing and receive testimony to determine the above. Once it makes its findings, the trial court then determines the appropriate remedy, if any. Santobello v. New York, 404 U.S. 257, 263 [92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971)]; See Ex parte Yarber, [437 So.2d 1330 (Ala. 1983)].'"
Blackwell v. State, 556 So.2d 1091, 1093 (Ala.Crim.App. 1988), quoting Orr v. State, 435 So.2d 182, 184 (Ala.Crim.App. 1983). "If a breach of a plea agreement by the state is demonstrated, the trial court has the discretion to cure the breach by allowing withdrawal of the plea, or, under some circumstances, by ordering specific performance of the agreement." Alford v. State,651 So.2d 1109, 1112 (Ala.Crim.App. 1994).
Marquette's claims are sufficiently pleaded and, if true, may entitle him to relief. The State did not directly refute Marquette's claims; rather, it merely alleged in its response to Marquette's petition that there was "no evidence" in the court record indicating that there was a plea agreement.[2] (C. 53.) In addition, in its order summarily denying Marquette's petition, the circuit court made only general findings that the court record reflected that Marquette's pleas were voluntary and that in light of the presumption that counsel acted reasonably, Marquette's ineffective-assistance-of-counsel claim was "unfounded." (C. 57-58.) However, the circuit court did not actually address Marquette's specific claims that his pleas were involuntary as a result of the State's alleged breach of the plea agreement and that his trial counsel was ineffective for not bringing the alleged breach to the attention of the trial court; the court made no findings as to whether there was a plea agreement and, if so, whether the *Page 1114 
State breached the terms of the agreement.
Therefore, we remand this case for the circuit court to address the merits of Marquette's claims that his pleas were involuntary as a result of the State's alleged breach of the terms of the plea agreement and that his trial counsel was ineffective for not bringing the alleged breach to the trial court's attention, and to issue specific written findings of fact regarding these claims. The circuit court's findings shall include a determination of the following: whether there was a plea agreement and, if so, what the terms of that agreement were, whether the State breached the plea agreement, and whether Marquette's pleas rested in any significant degree on the agreement so that the agreement can be said to be part of the inducement or consideration leading to the pleas. The circuit court may conduct an evidentiary hearing or take evidence by way of affidavit, written interrogatories, or deposition. See Rule 32.9(a), Ala.R.Crim.P. If the court determines that Marquette's claims are meritorious, it may grant whatever relief it deems appropriate. Due return shall be filed within 49 days of the date of this opinion. The return to remand shall include the circuit court's written findings of fact, any evidence received or relied on by the court, a transcript of the evidentiary hearing, if one is conducted, and a transcript of the guilty-plea colloquy.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] We note that the record contains a copy of the indictment. However, that does not relieve Marquette of his burden of pleading sufficient facts in his petition. See, e.g., Boyd v.State, 913 So.2d 1113, 1125 (Ala.Crim.App. 2003) (noting that "`Rule 32.6(b) requires that the petition itself disclose thefacts relied upon in seeking relief'"). Moreover, the indictment does not specify the date of the crimes.
[2] Although Marquette attached to his petition a transcript of the sentencing hearing, a transcript of the guilty-plea colloquy is not contained in the record.
* Note from the reporter of decisions: On January 20, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.